IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DONALD BLACKBEY, | ) | |
| | ) | |
| Plaintiff, | ) | 8:03cv425 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| OFFICER WHEELER, et al, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| DONALD BLACKBEY, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04cv48 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ROBERT HOUSTON, et al, | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on a pending motion in Case No. 8:04cv48, the lead case in the above-entitled actions. In filing no. 85 in Case No. 8:04cv48, the plaintiff, Donald Blackbey, asks the court to extend all deadlines previously set in the court's progression order because the plaintiff expects to be released from custody in July of 2005, at which time he will obtain legal representation. The court cannot grant the plaintiff's request, which, in effect, would stay these cases. Such a stay is disfavored absent exceptional circumstances which are not present in this litigation.

    However, if the plaintiff does not wish to continue to litigate these cases while in prison, he has the alternative option of moving for a voluntary dismissal *without* prejudice of his pending cases and simply filing a new action as a nonprisoner after his release. The Prison Litigation Reform Act ("PLRA") does not apply to a person who has been released from custody and then files a lawsuit about prison conditions or events which occurred before the plaintiff's release. The status of the plaintiff at the time the lawsuit is filed, i.e., whether the plaintiff is a prisoner when the complaint is filed, determines whether the PLRA applies to the case.

    Differences between prisoner and nonprisoner litigation include the following:

    1.    A plaintiff who is not a prisoner when the case is filed and who qualifies for

1

in forma pauperis ("IFP") status does not have to pay any part of the filing fee, whereas a prisoner proceeding IFP must nevertheless pay the entire filing fee, although in installments.

     2.    42 U.S.C. § 1997e(a) of the PLRA requires a prisoner plaintiff to exhaust administrative remedies before filing suit; whereas no such obligation is imposed on nonprisoner plaintiffs, even if the subject of the complaint concerns conditions during a previous incarceration.

     3.    42 U.S.C. § 1997e(e) of the PLRA precludes a prisoner plaintiff from recovering damages for emotional distress unless the prisoner also sustained physical injury; whereas a nonprisoner plaintiff is not precluded from recovering for emotional distress, pain and suffering even without physical injury.

If the plaintiff elects a voluntary dismissal of his cases, rather than proceeding with the deadlines presently in force, he should be mindful of the statute of limitations, which is four years from the acts or omissions giving rise to his claims. In addition, the remedy of injunctive relief, e.g., to compel medical treatment while in prison, will become moot upon the plaintiff's release from confinement.

The defendants' Motion for Summary Judgment (filing no. 64) has been pending since January of 2005, and the plaintiff has previously been ordered to respond by April1, 2005, absent an order granting the plaintiff an extension of time. Filing no. 85 is granted in part and denied in part as follows: The plaintiff shall have until April 28, 2005 to file either (a) a response to the defendants' Motion for Summary Judgment or (b) a voluntary dismissal, without prejudice, of the above entitled cases. No further extensions will be granted, and the defendants' Motion for Summary Judgment will be deemed submitted as of the close of business on April 28, 2005 in the absence of a voluntary dismissal.

SO ORDERED.

DATED this 19th day of April, 2005.

                                        BY THE COURT:

                                        s/ F. A. GOSSETT
                                        United States Magistrate Judge