IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DONALD BLACKBEY, | ) | |
| Plaintiff, | ) | 8:03CV425 |
| vs. | ) | MEMORANDUM AND ORDER |
| OFFICER WHEELER, et al, | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| DONALD BLACKBEY, | ) | |
| Plaintiff, | ) | 8:04CV48 |
| vs. | ) | MEMORANDUM AND ORDER |
| ROBERT HOUSTON, et al, | ) | |
| Defendants. | ) | |

This matter is before the court on the two above-entitled cases in which the pro se plaintiff, Donald Blackbey, complains of assault, deficient medical care, and other mistreatment suffered at the Douglas County Correctional Center ("DCCC") where he was a pretrial detainee when he filed his complaints. The cases have previously been consolidated pursuant to Fed. R. Civ. P. 42(a), with Case No. 8:04CV48 designated as the lead case. After consolidation, the parties were directed to file all pleadings in the lead case, with Case No. 8:03CV425 remaining dormant until the entry of judgment in the lead case, at which time a similar judgment would be entered in the companion case.

Presently before the court is filing no. 108, the Motion for Summary Judgment filed by the remaining defendants. The plaintiff initially sued corrections officers and medical

1

providers employed at the DCCC. The medical providers, Dr. Gensler and Correctional Medical Services ("CMS"), entered into a settlement with the plaintiff and have been dismissed from this litigation.

**Summary Judgment Standard**

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2555 (1986). With respect to a motion for summary judgment, the court must examine the record in the light most favorable to the nonmoving party. See, e.g., Brandt v. Davis, 191 F.3d 887, 892 (8th Cir. 1999) ("Summary judgment is properly granted when the record, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.").

The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S.Ct. at 2553. In response to the proponent's showing, the opponent's burden is to "come forward with "specific facts showing that there is a *genuine issue for trial*.'" Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986) (emphasis in original). A "genuine" issue of material fact is

more than "some metaphysical doubt as to the material facts." Id.

"[T]he mere existence of some alleged factual dispute between the parties is not sufficient by itself to deny summary judgment as a matter of law .... Instead, 'the dispute must be outcome determinative under prevailing law.'" Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir. 1992) (citations omitted). Accord Dico, Inc. v. Amoco Oil Co., 340 F.3d 525, 529 (8th Cir. 2003).

When reviewing the record in connection with a pending motion for summary judgment, the court may not weigh the evidence, determine credibility, or decide the truth of any factual matter in dispute. However, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2511 (1986).

### Exhaustion of Administrative Remedies

Among other grounds for summary judgment, the remaining defendants assert that the plaintiff failed to complete exhaustion of administrative remedies before filing his complaints in the above cases. 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." See Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in

cases covered by § 1997e(a) is now mandatory"); Booth v. Churner, 532 U.S. 731, 733-34 (2001) (exhaustion is mandatory). See also Lyon v. Del Vande Krol, 305 F.3d 806, 808 (8th Cir. 2002):

> The Prison Litigation Reform Act of 1996 (PLRA) amended 42 U.S.C. § 1997e(a) to require that inmates who have civil rights claims must first exhaust all administrative remedies before bringing an action under § 1983. See Booth v. Churner, 532 U.S. 731, 733-34 ... (2001). This is true even though relief of the sort that the plaintiff is seeking is not available through the administrative procedures that are available. Id. at 737-41....

Completion of the grievance process is necessary even after a plaintiff has suffered harm and even if the grievance is too late to prevent harm. Thomas v. Woolum, 337 F.3d 720, 733-35 (6th Cir. 2003). Thus, exhaustion of administrative remedies is required even when a plaintiff believes, perhaps even with reason, that filing grievances will lead to no relief.

Despite many extensions of time, appointment of an attorney (later allowed to withdraw after the plaintiff complained about her to the Bar Association), repeated explanations and courtesies extended to the plaintiff, a stay of proceedings at the plaintiff's request, and reminders about responding to a prior summary judgment motion, the plaintiff has failed to respond to filing no. 108. Therefore, the defendants' evidence regarding the plaintiff's failure to complete exhaustion of administrative remedies remain unrebutted.

Dismissal is required when an inmate has not fully exhausted administrative remedies as to all claims before filing a lawsuit. Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003). "Thus, in considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is

4

rendering its decision, to determine if exhaustion has occurred.  If exhaustion was not completed at the time of filing, dismissal is mandatory." Id.  The PLRA does not permit a stay of the litigation pending exhaustion. Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002).  However, a dismissal pursuant to 42 U.S.C. § 1997e(a) is without prejudice. Castano v. Nebraska Dept. of Corrections, 201 F.3d 1023, 1025 (8th Cir.), cert. denied, 531 U.S. 913 (2000).

THEREFORE, IT IS ORDERED:

1. That filing no. 108, the defendants' Motion for Summary Judgment, is granted;

2. That the plaintiff's complaints, as amended, and these consolidated actions are dismissed without prejudice; and

3. That a separate judgment will be entered in each of the above-entitled cases.

DATED this 23rd day of November, 2005.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge